HOBSON, Judge.
The appellants, plaintiffs below, bring this interlocutory appeal from an order granting the appellee’s, defendant below, motion for an involuntary dismissal and judgment rendered against appellants reforming a note and mortgage.
Plaintiffs filed their complaint alleging a usurious loan made to them by the defendant and asked that the court cancel the note and mortgage as provided under Florida Statute 687.07, F.S.A. or, in the alternative, that the entire interest be forfeited and the penalties be paid as provided under Florida Statute 687.04, F.S.A., such relief being determined by whether this was a criminal or civil usurious transaction.
The trial court, sitting without a jury, at the conclusion of the plaintiffs’ case, granted the defendant’s motion for involuntary dismissal and rendered a judgment against the plaintiffs, whereby he reformed the note to a rate of interest of six per cent *693 (6%) per annum on the principal balance from time to time remaining unpaid. The court further stated in its order that upon stipulation by the counsel for the respective parties the instant case was consolidated with four other cases involving the same parties and their counsel and that the ruling in this case would also apply to the other four cases, whereby the notes would be reformed to provide for the same interest rate.
Appellants contend that their testimony and evidence established a prima facie case of usury. The court in its order correctly found that the four elements of usury are: 1) a loan, express or implied; 2) an understanding between the parties that the money loaned is to be returned; 3) payment or agreement to pay a greater rate of interest than is allowed by law; and 4) a corrupt intent to take more than the legal rate. (Clark v. Grey, 1932, 101 Fla. 1058, 132 So. 832) The court further found that all parties to the litigation agreed that the first three elements were present.
The learned chancellor below entered an extensive and erudite order containing his findings as to both the facts and law and found “the burden was on the plaintiffs to prove that the defendant had a ‘corrupt intent’ to violate the usury statute at the time the loan was made and plaintiffs have failed to present any evidence thereof.” We have carefully examined the testimony and evidence relied upon by the plaintiffs for reversal and find from the record-on-appeal that there is competent, substantial evidence contained therein to support the chancellor’s order.
The plaintiffs’ attorney in his second point on appeal contends that there was no stipulation between counsel that the holding in the instant case would also be applied to the four other cases pending before the chancellor.
We cannot find in the record before us such a stipulation and counsel for the defendant in oral argument agreed that the record before us does not contain such a stipulation other than is set out in the order appealed.
While we do not believe a stipulation would have been mentioned in an order if it did not in fact exist albeit it may have been oral, we, nevertheless, must reverse that portion of the order which consolidates chancery cases numbered 25,407, 25,408, 25,-410 and 25,411 with the instant case and the reformation of the notes involved therein.
Affirmed in part and reversed in part.
LILES, C. J., and PIERCE, J., concur.